UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MARVIN E. CUMMINS, | ) |
| | ) |
|     *Petitioner,* | ) |
| v. | )    No. 1:06-cv-65 |
| | )    *Mattice/Lee* |
| WAYNE BRANDON, Warden | ) |
| | ) |
|     *Respondents.* | ) |

**MEMORANDUM**

Marvin E. Cummins ("Cummins") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Court File No. 1]. Cummins seeks review of his 2001 state conviction on two counts of aggravated rape. Presently before the Court is respondent's motion to dismiss Cummins' § 2254 petition as time-barred [Court File No. 3]. After reviewing the record and the applicable law, the Court concludes that Cummins's § 2254 petition is time-barred.

*I.*     *Non-dispositive Motions*

Also before the Court is petitioner's motion requesting appointment of counsel [Court File 3] which will be **DENIED** since his petition is time-barred.

*Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, there is a one-year statute of limitation for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1) and (2) provide, in pertinent part:

1

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record reflects Cummins pleaded guilty to two counts of aggravated rape on June 19, 2001, and received an effective sentence of fifteen years in the Department of Corrections. Cummins neither pursued his right to appeal nor filed a state post-conviction petition. Since Cummins did not pursue a direct appeal, his state court convictions became final on July 19, 2001, upon expiration of the 30-day time period during which he could have filed a direct appeal to the Tennessee Court of Criminal Appeals. *See* TENN. R. APP. P. 4(a); 28 U.S.C. § 2244(d)(1).[1]

---

[1] Counsel for respondent invites the Court to apply a case that has been reversed and one that consists of facts distinguishable from the facts in this case. Counsel cites *State v. Green*, 106 S.W. 3d 646 (Tenn. 2003) for the proposition that prior to the issuance of that opinion, a judgment entered upon a guilty plea became final on the day the plea was entered and accepted by the trial court. *Green,* which was decided in 2003, overruled *State v. Hall,* 939 S.W. 2d 710, 711 (Tenn. Crim. App. 1998) "[A] judgment immediately becomes final upon a waiver of appeal..."], which respondent contends was the law at the time Cummins entered his guilty plea in 2001. However, *Hall* did not hold that all judgments entered upon a guilty plea became final on the date the judgment was entered. Rather, *Hall* held that "[u]pon waiving his right to appeal on the date of entry of the guilty plea and judgment of conviction, the judgment became final that day." 983 S.W.2d at 711. There is no proof before this Court that Cummins waived his right to appeal on the date he entered his guilty plea. Moreover, the federal habeas statute provides that the limitation period runs from the latest of the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1). Nevertheless, regardless of which date the Court uses to determine when Cummins conviction became final, the petition is untimely.

Cummins's had one-year from the date his conviction became final in which to file his habeas petition. 28 U.S.C. § 2244(d)(1)(A).

"The one-year period of limitations is tolled by the amount of time that a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending in state court." *Jurado v. Burt*, 337 F.3d 638, 640 (2003). However, Cummins did not filed a state post-conviction petition or other application for collateral review. Rather, Cummins filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 17, 2006, almost four years after the one-year statute of limitations expired.

Therefore, the time for filing a § 2254 petition in Cummins's case expired on July 19, 2002. Since Cummins's § 2254 petition was filed on February 7, 2006, it is time-barred by the statute of limitations.

Accordingly, it is hereby **ORDERED** that respondent's motion to dismiss will be **GRANTED** [Court File No.3], petitioner's motion to deny respondent's motion to dismiss is **DENIED** [Court File No. 4], and Cummins's petition for writ of habeas corpus will be **DISMISSED** [Court File No. 1] as time-barred. An order will enter.

**ENTER:**

> *s/ Harry S. Mattice, Jr.*
> HARRY S. MATTICE, JR.
> UNITED STATES DISTRICT JUDGE